IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60028
(Summary Calendar)

_____

MARY ANN ZEIGLER, Individually and
on behalf of all wrongful death beneficiaries
of the Estate of Ricky Lee Zeigler, Deceased

Plaintiff-Appellant,

versus

Ford Motor Company; Watson Quality Ford, Inc.,
also known as Bill Watson Ford Inc.

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Southern District of Mississippi
Jackson Division
(3:95-CV-161)

_____

September 17, 1996

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM[*]:

Plaintiff-Appellant Mary Ann Zeigler, a Mississippi resident,

appeals from the district court's grant of summary judgment in

favor of Defendant-Appellee Ford Motor Company (Ford).[1]  Agreeing

_____

[*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.


[1]Zeigler had originally filed suit in state court against both
Ford, a non-resident, and Watson Quality Ford, a Mississippi
resident, alleging the same causes of action.  Ford removed to

with the challenged holding of the district court, we affirm.

I.

FACTS AND PROCEEDINGS

The facts, with all inferences therefrom presented in the light most favorable to Zeigler,[2] are as follows: Zeigler's son, Ricky Lee (decedent), was killed in an automobile accident on August 1, 1987, when the Bronco II he was driving on Highway 17 in Holmes County, Mississippi rolled over. More than seven years later, on January 30, 1995, Zeigler instituted this wrongful death action, claiming the defective condition of the Bronco II proximately caused her son's death.

Zeigler alleged various theories of recovery against Ford including strict liability, negligence, and breach of express and implied warranties. The district court, in an order dated December 7, 1995, granted summary judgment in favor of Ford, holding that the statute of limitations barred Zeigler's action against Ford and could not be tolled by Mississippi's fraudulent concealment exception. Zeigler timely appealed.

---

federal court, asserting that Watson had been fraudulently joined to defeat diversity jurisdiction. The district court, in an order dated June 26, 1996, held that the statute of limitations barred Zeigler's claims against Watson. As Zeigler has not appealed the district court's order in favor of Watson, any claims against Watson are waived.

[2]When reviewing a grant of summary judgment, we view the facts and inferences in the light most favorable to the non-moving party. See Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 266 (5th Cir. 1995).

II.

ANALYSIS

The District Court's Grant of Summary Judgment

    A.    Standard of Review

    When reviewing a grant of summary judgment, we view the facts and inferences in the light most favorable to the non-moving party,[3] and we review the grant of summary judgment de novo, using the same criteria used by the district court in the first instance.[4]  Summary judgment is mandated "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[5]  If any element of the plaintiff's case lacks factual support, a defendant's motion for summary judgment should be granted.[6]

    B.    The Fraudulent Concealment Exception to Mississippi's Statute of Limitations

    Mississippi law applicable at the time of decedent's death

---

    [3]See Cavallini, 44 F.3d at 266.

    [4]LeJeune v. Shell Oil Co., 950 F.2d 267, 268 (5th Cir. 1992).

    [5]Fed. R. Civ. P. 56(c).

    [6]See Burden v. General Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995).

provided a six year statute of limitations for negligence, strict liability, and warranty claims.[7] Mississippi law recognizes an exception to the running of the statute of limitations when (1) the defendant fraudulently conceals the cause of action from the plaintiff, and (2) the plaintiff uses reasonable diligence in discovering his cause of action:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.[8]

It is undisputed that unless this exception applies, Zeigler's claim is barred by the statute of limitations. Zeigler seeks to invoke the exception by alleging that (1) Ford fraudulently concealed the defects in the Bronco II from her and, (2) given that she lived in a small, isolated community in Mississippi without access to the national media which publicized the defects in the Bronco II, she exercised reasonable diligence in discovering her cause of action.

### 1. First element: affirmative act by the defendant

The fraudulent concealment exception comprises two

---

[7]Miss. Code Ann. § 15-1-49 (1972)(negligence and strict liability); Miss. Code Ann. § 75-2-725 (1996)(warranty). The Mississippi legislature has since reduced the statutory limitation period for actions covered under § 15-1-49 to three years. See Miss. Code Ann. § 15-1-49 (1996).

[8]Miss. Code Ann. § 15-1-67 (1996).

4

elements. The first element requires some act or conduct of an affirmative nature by the defendant to conceal the cause of action from the plaintiff.[9] In <u>Reich v. Jesco</u>,[10] the Mississippi Supreme Court explained this element:

> To establish fraudulent concealment in this state, there must be shown some act or conduct of an <u>affirmative</u> nature designed to prevent and which does prevent discovery of the claim. <u>See Federal Land Bank v. Collins</u>, 156 Miss. 893, 127 So. 570 (Miss. 1930). Mere general allegations will not withstand a motion for summary judgment.[11]

Zeigler argues that the discrepancy between what Ford knew and what Ford revealed to the public constitutes affirmative misrepresentations sufficient to qualify as concealed fraud. More specifically, Zeigler claims that Ford did not disclose certain inculpatory internal documents to her before she filed suit and that Ford defended the safety and quality of the Bronco II in the news media at a time when Ford was aware of the vehicle's defects.

Even if proved, this discrepancy would not be enough to constitute affirmative conduct of concealment by Ford. The district court found that Ford made no intentional effort to

---

[9]Mississippi law recognizes the general rule that in the absence of a fiduciary relationship between the parties, some affirmative act of concealment is necessary to constitute concealed fraud. <u>Van Zandt v. Van Zandt</u>, 227 Miss. 528,539, 86 So. 2d 466, 470 (Miss. 1956).

[10]526 So. 2d 550 (Miss. 1988).

[11]<u>Reich</u>, 526 So. 2d at 552 (emphasis added).

5

conceal the defects but simply defended its product in the market.  Neither Ford's defense of its product nor Ford's failure to admit liability can be considered affirmative conduct of concealment sufficient to trigger the subject exception.  As noted by the district court, if it were to accept Zeigler's theory that Ford's defense of the Bronco II constituted fraudulent concealment, then fraudulent concealment could be raised successfully against any manufacturer that defended allegations that its product was defective.  Such a result would effectively subsume the statute of limitations.

### 2. Second element: reasonable diligence

The fraudulent concealment exception applies only if Zeigler proves both of the conjunctive elements of the exception.  As Zeigler cannot prove the first element, the exception does not apply, so we would not need to examine the second element.  We note nevertheless that even if Zeigler had established affirmative conduct by Ford sufficient to meet the active concealment element, the exception still would not apply, for Zeigler also fails to satisfy the second element.  It requires the plaintiff to exercise reasonable diligence in attempts to discover the cause of action within the otherwise applicable period of limitation.

Zeigler claims she was unaware of her cause of action until she read about the defects in the Bronco II in the Jackson (Mississippi) Clarion Ledger more than seven years after

6

decedent's death.  Zeigler argues that she did not know and could not have known of the defects in the Bronco II before the period of limitations expired because she is a sixty-one year old woman living in an isolated community in rural Mississippi.  In her affidavit in response to Ford's motion for summary judgment, Zeigler declares that she does not subscribe to and has never read any of the national newspapers that publicized the problems associated with the Bronco II.  Zeigler also declares she does not listen to National Public Radio, which also brought the defects to the public's attention.

Despite the loss of her son in a one-car accident, at no time during the seven and one-half years following decedent's tragic death did Zeigler do anything at all to determine if she might have a cause of action.  Yet Mississippi law required her to exercise reasonable diligence.  Complete inaction cannot be considered reasonable diligence.  Furthermore, Zeigler cannot excuse her failure to take any action to discover whether she had a cause of action solely on the ground that she lives in an isolated community.  That might explain why the information never found its way to Zeigler, but it cannot explain her total inaction.

Finally, the policy behind Mississippi's lengthy limitations period further supports the district court's grant of summary judgment in favor of Ford.  As the district court notes, Mississippi's statutes of limitations are designed to strike a

7

balance between allowing claimants sufficient time to file suit and protecting potential defendants from exposure to suit in perpetuity.[12]  The statutory time periods represent a "legislative judgment that, notwithstanding the presence of an otherwise viable and enforceable claim, the case ought not to proceed."[13]

In sum, Zeigler has failed to show either (1) affirmative conduct on the part of Ford to conceal or (2) reasonable diligence on her part to discover a cause of action, both of which are necessary to invoke the fraudulent concealment exception to Mississippi's statute of limitations; therefore, Zeigler's action is barred.  For the reasons given by the district court, its grant of summary judgment in favor of Ford is AFFIRMED.

---

[12]See Ford Motor Co. v. Broadway, 374 So. 2d 207, 209 (Miss. 1979)).

[13]See Reich v. Jesco, 526 So. 2d 550, 551 (Miss. 1988)).